IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVEN LINGENFELTER AND LAURIE DOMINGUEZ, | Civil Action No. |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| ILLEGAL FOOD LTD., and KEVIN CRONIN, | |
| Defendants. | |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiffs Steven Lingenfelter ("Mr. Lingenfelter") and Laurie Dominguez ("Ms. Dominguez")(collectively, "Plaintiffs"), by and through undersigned counsel, and files this Complaint against Defendants Illegal Food Ltd. ("Illegal Food") and Kevin Cronin (collectively, "Defendants") and shows the following:

## I.  NATURE OF COMPLAINT

1.

Plaintiffs brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages for Defendants' failure to pay federally mandated minimum wages and overtime wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.  JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant Illegal Food is a Georgia limited liability company and resides in this district.  Defendant Illegal Food does business in and is engaged in commerce in the State of Georgia.  Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiffs' claims occurred in this district.

## III.  PARTIES

5.

Plaintiffs are both residents of the State of Georgia.

6.

During the relevant time period, Plaintiffs were not paid the minimum wage for all hours worked, in violation of the FLSA.

7.

During the relevant time period, Plaintiffs worked an amount of time that was more than forty (40) hours per workweek and were not paid the overtime wage differential.

8.

Both Mr. Lingenfelter and Ms. Dominguez were considered an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

9.

Defendant Illegal Food is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

10.

Defendant Kevin Cronin is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

11.

Plaintiffs performed non-exempt labor for the Defendants within the last three (3) years.

12.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

13.

Defendants may be served with process through their corporate Registered Agent, Kevin Cronin, at 1044 Greenwood Avenue, Atlanta, GA 30306.

**IV.**   **FACTS**

14.

From September 30, 2014, through August 6, 2017, Mr. Lingenfelter was employed as a Chef by Defendants and was an "employee" of Defendants within the meaning of 29 U.S.C. § 203€ within three years preceding the filing hereof.

15.

From September 30, 2014, through August 6, 2017, Ms. Rodriguez was employed as the General Manager by Defendants and was an "employee" of Defendants within the meaning of 29 U.S.C. § 203€ within three years preceding the filing hereof.

16.

At all times relevant to this action, Defendants were an "employer" within the meaning of 29 U.S.C. § 203(d) and was not exempt from overtime provisions of FLSA.

17.

At all times, relevant to this action, Defendant Illegal Food was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, because it had employees engaged in commerce because its annual gross sales volume exceeds $500,000.

18.

From the onset of their employment, Plaintiffs worked seven days per week.

19.

Plaintiffs worked most days from 8 a.m. in the morning until after 12:30 a.m. at night.

20.

Rather than pay its employees minimum wage, overtime pay or pay its own payroll taxes, Defendants Illegal Food and Kevin Cronin chose to classify Plaintiffs and its other employees as independent contractors.

21.

By paying its employees as independent contractors, Defendants Illegal Food and Kevin Cronin willingly and knowingly avoided properly paying its employees.

22.

Kevin Cronin directed Illegal Food's payroll practices, including issuing 1099 forms to its employees.

23.

Kevin Cronin had control over Illegal Food's financial affairs, including payment of its taxes and preparation of its tax returns.

24.

Kevin Cronin exercised operational control over Illegal Food, including decisions regarding the lease, finances, taxes, payroll and exercised control of its compensation practices.

25.

Kevin Cronin was an owner and officer of Illegal Food.

26.

Kevin Cronin exercised authority over the terms and conditions of Plaintiffs' employment.

27.

Defendants were aware that Plaintiffs were its employees throughout their employment.

28.

On August 6, 2017, without any information being provided to Plaintiffs or any of its employees prior to August 6, 2017, Defendants unilaterally chose to close Illegal Food Ltd.

29.

Plaintiffs first learned about the closure of the business when their email accounts stopped working.

30.

In response to a request from Plaintiffs to Defendants asking about their email accounts, Defendants informed Plaintiffs that it was closing Illegal Food for the first and only time through an e-mail response.

31.

Defendants closed the business, locked the doors and changed the security settings.

32.

Defendants were aware that Plaintiffs were economically dependent on the business of the employer.

33.

Defendants were aware that Plaintiffs did not own a bona fide 20-percent equity interest in Illegal Food.

34.

Defendants were aware that Plaintiffs were not owners of Illegal Food.

35.

In addition, by calling Plaintiffs 'owners' or 'partners', Defendants chose not to pay Plaintiffs even minimum wage, much less the overtime owed, for the three years that Plaintiffs worked twelve to sixteen-hour days, seven days a week.

36.

In all instances in which Defendants failed to pay Plaintiffs for overtime hours they worked, Defendants had full knowledge that Plaintiffs worked the hours they were not paid for.

37.

Throughout their employment with Defendants, Plaintiffs were never paid on a salary basis.

38.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §§ 204 and §207.

## IV.   CLAIMS

### Failure to pay Minimum Wage Compensation
### Violation of 29. U.S.C. § 206

39.

Plaintiffs re-allege paragraphs 1 through 38 as if fully restated herein.

40.

 Based on Defendants' conduct, as described above, Defendants failed to pay Plaintiffs the federal minimum wage for all hours worked.

41.

Defendants' actions were willful, within the meaning of 29 U.S.C. § 255(a) and were committed with a conscious disregard for the rights of Plaintiffs.

42.

Because of Defendants' actions and violations of the FLSA, Plaintiffs are entitled to recover their unpaid minimum wage compensation plus liquidated

damages, prejudgment interest, reasonable attorneys' fees and costs, pursuant to 29 U.S.C. 216(b) with all amounts to be determined at trial.

<u>**Count II**</u>

<u>**Violation of the Overtime Wage Requirement of
the Fair Labor Standards Act**</u>

43.

Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

44.

Defendants have violated the FLSA, 29 U.S.C. § 201, <u>et seq</u>. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiffs worked more than 40 hours in given workweeks and for forcing Plaintiffs to work off the clock without compensation.

45.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked more than 40 hours in a workweek.

46.

Defendants suffered and permitted Plaintiffs to routinely work more than 40 hours per week without overtime compensation.

47.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs at the required overtime rate.

48.

Defendants knew, or showed reckless disregard for the fact that it failed to pay Plaintiffs overtime compensation in violation of the FLSA.

49.

Defendants failed to accurately report, record and/or preserve records of hours worked by Plaintiffs, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

50.

Plaintiffs were subject to the same unlawful policies of Defendants, i.e. Defendants' failure to pay Plaintiffs for their hours worked over 40 in workweeks.

51.

Defendants' violations of the FLSA were willful and in bad faith.

52.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiffs are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

(A)   Grant Plaintiffs a trial by jury as to all triable issues of fact;

(B)   Enter judgment against Defendants and award Plaintiffs an unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that the rights of Plaintiffs have been violated and that Defendants willfully violated the FLSA;

(D)   Grant Plaintiffs leave to add additional claims if necessary; and

(E)     Award Plaintiffs such further and additional relief as may be just and

appropriate.


Respectfully submitted this 11th day of August, 2017.

**BARRETT & FARAHANY**

/s/ Amanda A. Farahany
Amanda A. Farahany
Georgia Bar No. 646135

*Attorney for Plaintiffs*

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
amanda@justiceatwork.com