**RELEASE AND**
**SETTLEMENT AGREEMENT**

This Release and Settlement Agreement (the "Agreement") is made as of the 16th day of November, 2017, by and between Steven Lingenfelter and Laurie Dominguez (collectively, "Plaintiffs"), and Illegal Food Ltd. ("Illegal Food"), Kevin Cronin ("Cronin"), and Didier Stahl (collectively, the "IF Parties").

WITNESSETH:

WHEREAS, Plaintiffs performed services for Illegal Food.

WHEREAS, on or about August 8, 2017, Plaintiffs filed their complaint against Illegal Food and Cronin in the United States District Court for the Northern District of Georgia, Atlanta Division (the "Court"), civil action file no. 1:17-cv-03042-MHC (the "Lawsuit").

WHEREAS, on or about October 17, 2017, Illegal Food and Cronin filed their answer and counterclaims against the Plaintiffs in the Lawsuit.

WHEREAS, contemporaneous with the execution of this Agreement the Plaintiffs and the IF Parties (collectively, the "Parties") are filing the Joint Motion to Approve the Settlement Agreement in the Lawsuit (the "Joint Motion").

WHEREAS, the Parties desire to settle and resolve any and all claims between them.

NOW, THEREFORE, for and in consideration of the mutual promises and covenants set forth herein, the Parties hereby agree as follows:

1. <u>Payment</u>.  Illegal Food agrees to pay a total amount of $25,000 to Plaintiffs (the "Payment"), in full satisfaction of the Lawsuit and the terms of this Agreement.  Illegal Food will make the payment within three (3) business days of the Court's granting the Joint Motion.  The payment will be made to the order of Barrett & Farahany ("B&F").  The payment will be allocated by B&F as follows: $9,000 to each Plaintiff and $7,000 to B&F.  Plaintiffs are and shall be solely responsible for all federal, state and local taxes that may be owed by virtue of the monetary payment and other consideration provided under this Agreement.  Plaintiffs agree to indemnify and hold the IF Parties harmless from any and all liability, including, without limitation, all taxes, penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary payment and other consideration provided under this Agreement.

2. <u>Dismissal</u>.  As provided in the Joint Motion, the Parties agree to the dismissal with prejudice of their claims and counterclaims pending in the Lawsuit.

3. <u>Release by Plaintiffs</u>.  Plaintiffs and their representatives agents, successors, assigns, family members, dependents, and spouses, and each of them, do hereby release, acquit, remise, and forever discharge the IF Parties from any and all

claims, damages, benefits, demands, actions, causes of action, and liabilities; whether known or unknown, whether now existing or hereafter arising, hereafter accruing or hereafter maturing; arising out of or relating to any fact, act, or omission that has occurred through and including the date hereof (collectively and individually, the "Claims"), including, but not limited to, claims in any way connected with Plaintiffs' performing services for Illegal Food.  The Claims include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Americans With Disabilities Act, the Age Discrimination in Employment Act, Sections 503 and 504 of the Rehabilitation Act of 1973, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Older Workers' Benefit Protection Act, the Workers' Adjustment and Retraining Notification Act, each as amended, state, civil or statutory laws, including any and all human rights laws and laws against discrimination or retaliation, any other federal, state or local fair employment, wage, overtime, or whistle-blower statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorneys' fees.  Plaintiffs represent that they know of no Claims that have not been released by this paragraph.

4. <u>Release by the IF Parties</u>.  The IF Parties and their representatives, agents, successors, and assigns, and each of them, do hereby release, acquit, remise, and forever discharge Plaintiffs from any and all Claims, including, but not limited to, the counterclaims in the Lawsuit.

5. <u>Withdrawal of Objection to Unemployment Compensation Appeal</u>.  Illegal Food will withdrawal its objection to the unemployment compensation claim of Laurie Dominguez.

6. <u>Assignment of Trademark of Illegal Food.</u>  Illegal Food hereby assigns to Plaintiffs its full and complete rights, if any, to the trademark Illegal Food.

7. <u>Non-disparagement</u>.  The Parties covenant that they shall not undertake any harassing or disparaging conduct directed at any of the other Parties and that they shall refrain from making any harassing or disparaging statements concerning the other Parties to any third party.  For the purpose of this paragraph, "harassing" and "disparaging" shall include conduct or statements that are false or misleading or that cast one of the Parties in a negative light or are for the purpose of injuring one of the Parties' business interests or interfering with their business relations.

8. <u>Confidentiality</u>.  The Parties agree to hold the terms of this Agreement confidential and agree not to disclose or publish to any person or entity, except as required by law, the terms, conditions, or existence of this Agreement.

9. <u>Denial of Liability</u>.  It is expressly understood and agreed that this Agreement and the settlement contained herein are the compromise of doubtful and disputed claims and that the relief agreed to herein is not to be construed as an admission of liability on the part of any of the Parties, by whom liability is expressly denied.

10. <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, not including the choice-of-law rules thereof.

11. <u>Court's Approval</u>.  This Agreement will not take effect or become enforceable unless and until its terms are approved by the Court as sought in the Joint Motion.

12. <u>Joint Preparation</u>.  This Agreement was prepared by the Parties jointly and is not to be construed against any party.

IN WITNESS WHEREOF, the Parties have executed this Agreement effective as of the day and year first above written.

Steven Lingenfelter                                             Kevin Cronin

_____                           _____

Laurie Dominguez                                                Didier Stahl

_____                           _____


Illegal Food Ltd

By: _____

Position: _____